# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| v. § | No. 1:25-CR-00162-ADA |
| § § | |
| **(1) PABLO OSWALDO MARTINEZ-SADA,** § § | |
| *Defendant* | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's (USPO) Petition for Warrant or Summons for Offender Under Supervision, Dkt. 5. The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.   BACKGROUND

#### A.   Timeline from the USPO's Adjustment Summary[1]

On September 26, 2019, the above-referenced offender was sentenced in the U.S. District Court for the Southern District of Texas, Laredo Division to 36 months

---

[1] At the hearing on the petition, Defendant stipulated to the accuracy of the facts stated in the Petition and Adjustment Summary with respect to the allegations underlying his new illegal-reentry charge and declined to comment on the facts related to his new state charge.

1

imprisonment on Counts One and Two to be served concurrently, followed by a four-year term of supervised release on each count to be served concurrently. The defendant was convicted of Count One: Conspiracy to Imoport 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 963, 952(a) and 960(a)(1) and (b)(2)(B) and Count Two: Importation of 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(2)(B) and 18 U.S.C § 2. His conditions of supervised release included that he should not commit another federal, state, or local crime, or re-enter the United States illegally if deported, and if he returned to the United States during his period of supervised release, he is to report in person to the nearest U.S. Probation Office immediately. The offender was released from BOP custody on September 23, 2021, at which time his supervised release commenced. Subsequently, he was removed to his native country of Mexico on November 2, 2021.

According to the Affidavit, on January 19, 2025, an officer with the Leander Police Department responded to a welfare check. Upon arrival, the officer observed a tan 2018 Chevrolet Malibu stopped at an intersection. The officer observed that the driver and sole occupant of the vehicle was slumped over, unconscious, sitting on the driver's seat with the transmission in drive. The officer put the transmission in park at which time the defendant, Pablo Oswaldo Martinez-Sada, woke up. Additional officers arrived to assist and although the defendant appeared confused, officers had him exit the vehicle. At that time, officers could smell a strong odor of alcohol emitting from the defendant. The defendant consented to a search of his person, and at that time, officers located two unopened 12-counce Michelob Ultra cans in his hoodie

2

pockets. The defendant disclosed to the officers that he was on his way home from a party. He further admitted to feeling intoxicated and felt he was at an intoxication level seven, with ten being the highest. A series of field sobriety tests were administered to the defendant which he failed. It should also be noted that inside the defendant's vehicle, officers located an open 12-ounce can in the center cup holder and was cool to the touch. On January 22, 2025, he was transferred into federal custody for the offense of Illegal Reentry, as it was determined that the defendant had re-entered the United States illegally after being formally removed. On February 18, 2025, a one-count Information was filed in the Western District of Texas, Austin, Division, docket number: 1:25CR00074-001, which charged the defendant with Illegal Reentry. On March 5, 2025, Martinez-Sada pled guilty to the offense of Illegal Reentry and is pending sentencing.

Subsequently, the U.S. Probation Office submitted a Petition for Warrant for Offender Under Supervision and on or about, March 20, 2025, a warrant for the defendant's arrest was issued and executed. Martinez-Sada remains in federal custody pending disposition.

    **B.**    **Hearing on USPO's Petition**

The undersigned set the petition for hearing to be held on June 23, 2025. Dkt. 13. Present at the hearing were Defendant; his appointed counsel, Assistant Federal Public Defender Charlotte Herring; Assistant U.S. Attorney Daniel Castillo; and USPO Officer Kimberly Chavez. During the hearing Defendant waived his preliminary hearing and his right to be present before the United States District

Judge at the time of imposition of sentence and consented to allocution before the United States Magistrate Judge. After being advised of his rights and affirming his understanding of the charges and penalties he faced, Defendant pleaded "True" to the violations set out in the petition.

After accepting Defendant's plea, the undersigned then considered the appropriate sentence. Defendant's counsel and AUSA Castillo agreed that an appropriate sentence would be to revoke Defendant's supervised release and impose a period of imprisonment of 4 months (to be served concurrently with any sentence imposed in connection with his pending federal charge) with no additional term of supervised release. Officer Chavez concurred in the recommendation. The undersigned accepted the agreed recommendation from Defendant and AUSA Castillo and stated on the record the intention to recommend that the District Judge revoke Defendant's supervised release and impose a period of imprisonment of 4 months (to be served concurrently with any sentence imposed in connection with his pending federal charge) with no additional term of supervised release.

## II.   FINDINGS OF THE COURT

1. Probable cause exists for the alleged violations set out in the petitions.

2. The most serious violation under the petition is a Grade B, and Defendant's criminal history category is I.

3. Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

4. Defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant waived his right to a preliminary hearing.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. Defendant violated the conditions of his terms of supervised release as set out in the petition, and there is a factual basis in support of that finding.

### III.    FACTORS CONSIDERED

The undersigned has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1. The nature and circumstances of the offense, § 3553 (a)(1);

2. The history and characteristics of Defendant, (a)(1);

3. To afford adequate deterrence to criminal conduct, (a)(2)(B);

4. To protect the public, (a)(2)(C);

5. To provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6. The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8.  The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the undersigned.

## IV.     RECOMMENDATION

The Magistrate Judge has carefully considered the arguments of counsel, the evidence presented by the parties and has taken judicial notice of the original pre-sentence report, and the petition, the Adjustment Summary and the Violation Conduct Computation prepared by the United States Probation Office.

In light of the factors set forth above, the undersigned **RECOMMENDS** that the District Judge **GRANT** USPO's petition, Dkt. 5, and **REVOKE** Defendant's term of supervised release, and impose a sentence of imprisonment of 4 months (to be served concurrently with any sentence imposed in connection with his pending federal charge) with no additional term of supervised release.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review

by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 23, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE